John J. Tiemessen
CLAPP PETERSON TIEMESSEN
THORSNESS & JOHNSON LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701
Email: jjt@cplawak.com
Telephone: (907) 479-7776

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA AT FAIRBANKS**

| | |
|---|---|
| INTEGRITY FACTORING & CONSULTING INC., an Idaho corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STATE WIDE OIL FIELD SERVICES, LLC, an Alaska Limited Liability Company, and CHARLES HENNAGER, Individually, | ) ) ) ) ) |
| Defendants. | ) CASE NO.: ) ) |

# COMPLAINT
## (Idaho Code § 28-22-104(1), § 28-9-609, and AS 09.40.260 *et seq.*)

Plaintiff Integrity Factoring & Consulting, Inc. ("Integrity"), an Idaho corporation, by and through undersigned counsel, hereby sues the Defendants State Wide Oil Field Services, LLC ("State Wide"), an Alaska limited liability company, and Charles Hennager ("Hennager") (collectively, "Defendants"), and in support thereof, states the following:

## PARTY ALLEGATIONS

1. Integrity is an Idaho limited liability company.

2. State Wide is an Alaska limited liability company.

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 1 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 1 of 12

**Clapp, Peterson, Tiemessen,**
**Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

3. Hennager is an individual over the age of 18 and is otherwise *sui juris*.

## ALLEGATIONS APPLICABLE AS TO SUBJECT MATTER JURISDICTION

4. Integrity is a corporation incorporated under the laws of Idaho, with its principal place of business located in Idaho.

5. State Wide is a limited liability company incorporated under the laws of Alaska, with its principal place of business located in Alaska. The members of State Wide are Hennager and Keith Hennager. Hennager is a citizen of Alaska and upon information and belief Keith Hennager is also a citizen of Alaska.

6. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## ALLEGATIONS APPLICABLE TO VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) or (2) in that this action is filed in a judicial district in which one or more of the Defendants reside (as defined by 28 U.S.C. § 1391(c)) and/or a substantial part of the events or omissions giving rise to the claim occurred.

## ALLEGATIONS APPLICABLE TO CONDITIONS PRECEDENT

8. All conditions precedent to the bringing of this action have been performed, excused, and/or waived.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Integrity is in the factoring business, which business involves, inter alia, the

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 2 of 12
Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 2 of 12

purchasing[1] of accounts ("Accounts")[2] from businesses ("Factoring Clients") with whom it has formed a contractual relationship, the terms of which are generally contained in invoices.

10. Within the factoring industry, the entity that purchases Accounts is commonly referred to as the "Factor" or "Purchaser" of Accounts, in this case Integrity. The entity from whom the Accounts are purchased is commonly referred to as the "Factoring Client" or "Seller," in this case State Wide. The Factoring Client's customer for whom the Seller has performed service(s) or sold good(s) and to whom an invoice is ordinarily issued to evidence the terms of sale and request payment is commonly referred to as the "Customer" or "Account Debtor."[3]

11. On or about July 15, 2015, Integrity and State Wide entered into a Factoring and Security Agreement (the "Factoring Agreement"). A true and correct copy of the Factoring Agreement is attached as **Exhibit 1**, but for any terms or provisions which are deemed confidential, which have been redacted.

---

[1] For the purpose of this case, the term 'purchasing' has the meaning given to this term by the Uniform Commercial Code ("UCC"), as adopted throughout the United States. A typical uniform definition may be found in Alaska's version of the UCC, and the term means "taking by sale, lease, discount, negotiation, mortgage, pledge, lien, security interest, issue or reissue, gift, or any other voluntary transaction creating an interest in property." I.C. § 28-1-201(b)(29).

[2] For the purpose of this case, the term 'Accounts' has the meaning given to this term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in Alaska's version of the UCC, and the term means "a right to payment of a monetary obligation, whether or not earned by performance, (i) for property that has been or is to be sold…, (ii) for services rendered." I.C. § 28-9-102(a)(2).

[3] For the purpose of this case, the term 'Account Debtor' has the meaning given to this term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in Alaska's version of the UCC and the term means "a person obligated on an account." I.C. § 28-9-102(a)(3).

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 3 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 3 of 12

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

12. Pursuant to the Factoring Agreement, State Wide offered to sell to Integrity all of State Wide's Accounts, which Accounts State Wide contractually represented and warranted at the time of sale and therefore would qualify as eligible "bona fide" Accounts. In exchange for State Wide's sale of all its rights, title and interest in and to the Accounts, Integrity made purchase price payments to State Wide.

13. In addition to acquiring an ownership interest in the Accounts that were specifically purchased from State Wide (the "Purchased Accounts"), State Wide granted Integrity a first priority security interest in State Wide's assets (as defined in the Factoring Agreement) as collateral assets which included, among other things, all then owned or later acquired Accounts, equipment, inventory, equipment, etc., and all proceeds thereof (collectively, the "Collateral").[4]

14. On July 22, 2015, Integrity duly perfected its first priority ownership interest in the Purchased Accounts and its first priority security interest in all other Collateral by causing the filing of a UCC-1 Financing Statement with the Alaska Department of Natural Resources Recorder's Office which UCC-1 Financing Statement was assigned filing number 2015-013297-5. A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit 2.**

---

[4] For the purposes of this case, the term 'Collateral' has the meaning given to the term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in Alaska's version and means "the property subject to a security interest or agricultural lien. The term includes: (A) proceeds to which a security interest attaches; (B) accounts, chattel paper, payment intangibles, and promissory notes that have been sold; and (C) goods that are the subject of a consignment." I.C. § 28-9-102(a)(12).

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 4 of 12

15. Pursuant to the Factoring Agreement, State Wide authorized Integrity to issue written notifications to State Wide's Customers, i.e. its Account Debtors, which was authenticated by State Wide, as assignor, after delivery of which payment of the Accounts by each Account Debtor as notified were to be made solely and exclusively to Integrity (the "Notice of Assignment") if such Account Debtor wishes to discharge its debt owing on the Accounts.

16. The Notice of Assignment issued was legally sufficient under Article 9 of the UCC to establish Integrity's exclusive right to receive payment of all Accounts from each Account Debtor that received such Notice of Assignment and to preclude any discharge of the amounts owing to State Wide or anyone other than Integrity receiving payment.

## COUNT I – ACTION AGAINST STATE WIDE FOR BREACH OF FACTORING AGREEMENT

Integrity sues State Wide for breach of the Factoring Agreement, and as grounds therefore asserts the following:

17. Integrity hereby readopts and re-alleges paragraphs 1 through 16 as if each were fully and independently re-alleged herein.

18. Section 6 of the Factoring Agreement, provides as follows:

> Purchaser may, on demand, or, at Purchaser's option, by Purchaser debiting the Reserve Account or by requiring payment of the then unpaid Face Amount thereof, require that Seller Repurchase a Purchased Account together with any unpaid fees including those as described in section 3 above, upon the occurrence of the following:
> . . .
> 6.5. Any Purchased Account that remains unpaid beyond the Repurchase Period.

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 5 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 5 of 12

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

19. In addition, Section 9.1 of the Factoring Agreement states, in relevant part that:

> The Purchased Accounts are and will remain: (a) unconditionally owed and will be paid to [Integrity] in full without any assertion of a defense, dispute, offset, counterclaim, or right of return or cancellation…

20. Section 10 of the Factoring Agreement entitled "Default," provides, in relevant part, that "[a]ny one or more of the following shall be an Event of Default: a) [State Wide's] failure to pay any one or more Obligations or perform any provision hereof or of any other agreement now or hereafter entered into with [Integrity]" ("Event of Default").

21. Section 10.2 further states, in relevant part, the following:

> Upon the occurrence of any Event of Default, in addition to any rights [Integrity] has under this Agreement or applicable law, [Integrity] may without formally terminating this Agreement, deem all Obligations immediately due and payable without notice and all fees shall be immediately due and payable.

22. Section 21 of the Factoring Agreement states that: "This Agreement and all transactions contemplated hereunder and/or evidenced hereby shall be governed by, construed under, and enforced in accordance with the internal laws of the State of Idaho."

23. State Wide has committed an Event of Default under the Factoring Agreement by failing to repurchase a Purchased Account and having failed to pay Integrity, upon demand, the full amount due thereunder, including in respect to the Obligations, as defined by the Factoring Agreement.

24. As a direct and proximate result of State Wide's breach of the Factoring Agreement, Integrity has been damaged and is entitled to recover its compensatory damages in

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 6 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 6 of 12

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

the amount of not less than $103,236.96, as of October 1, 2017, excluding prejudgment interest and reimbursement of attorneys' fees and costs.

25. Section 17 of the Factoring Agreement provides that Integrity is entitled to reimbursement of its attorney's fees and costs from State Wide.

**WHEREFORE,** Plaintiff Integrity Factoring & Consulting, Inc., demands judgment against Defendant State Wide Oil Field Services, LLC for all of the above-described compensatory damages, pre-judgment interest at the rate of 12% per annum pursuant to Idaho Code § 28-22-104(1), attorneys' fees and costs pursuant to Section 17 of the Factoring Agreement, and such other and further relief as this Court deems appropriate.

## **COUNT II – ACTION AGAINST HENNAGER FOR BREACH OF GUARANTY**

Integrity sues Hennager, individually, jointly and severally, for breach of the Guaranty, and as grounds therefore asserts the following:

26. Integrity hereby readopts and re-alleges paragraphs 1 through 25 as if each were fully and independently re-alleged herein.

27. Contemporaneously with and as an inducement to Integrity to enter into the Factoring Agreement with State Wide, State Wide's principal Hennager executed the Guaranty thereby agreeing to:

> jointly and severally and *in solido*, hereby guaranty [Integrity] that [State Wide] . . . shall promptly and fully perform, pay and discharge all of its present and future liabilities, obligations and indebtedness to [Integrity], whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted or with otherwise acquired by [Integrity] (all of which liabilities, obligations and indebtedness are herein individually and collectively called the "Indebtedness").

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 7 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 7 of 12

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

(the "Guaranteed Obligations"). A true and correct copy of the Guaranty is attached as **Exhibit 3.**

28. The Guaranty further provides that:

> The Guaranty is an absolute guaranty of payment and not of collectability. The liability of each Guarantor hereunder is not conditional upon genuineness, validity, sufficiency or enforceability of the Indebtedness or any instruments, agreements or chattel paper evidencing the same or related thereto (collectively called "Agreements") or any security or collateral therefore (collectively called "Security") or the pursuit by [Integrity] of any rights or remedies which it has or may hereafter have. If [State Wide] fails to pay any or all of the Indebtedness promptly as the same becomes due, or otherwise fails to perform any obligation under any of the Agreements, each Guarantor agrees to pay on demand the entire Indebtedness and all losses, costs, attorneys' fees and expenses which may be suffered by [Integrity] by reason for [State Wide's] default or . . . or the default of any Guarantor hereunder. . . .

*See* **Exhibit 3.**

29. State Wide has committed an Event of Default under the Factoring Agreement and pursuant to the Guaranty, Hennager has become responsible for all obligations arising under the Factoring Agreement.

30. Hennager has breached the Guaranty by failing and/or refusing to satisfy State Wide's Obligations to Integrity under the Factoring Agreement.

31. Integrity has sustained compensatory damages in the amount of at least $103,236.96, as of October 1, 2017, together with prejudgment interest and reasonable attorneys' fees and costs.

32. Section 17 of the Factoring Agreement provides that Integrity is entitled to reimbursement of its attorney's fees and costs from State Wide.

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 8 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 8 of 12

33. Integrity is entitled to reimbursement of attorney's fees and costs from Hennager pursuant to the express provisions of the Guaranty. *See* **Exhibit 3**.

**WHEREFORE,** Plaintiff Integrity Factoring & Consulting, Inc., demands judgment against Defendant Charles Hennager for all of the above-described compensatory damages, pre-judgment interest at the rate of 12% per annum pursuant to Idaho Code § 28-22-104(1), attorneys' fees and costs pursuant to the Factoring Agreement and the Guaranty, and such other and further relief as this Court deems appropriate.

## **COUNT III – ACTION AGAINST STATE WIDE FOR REPLEVIN**

Integrity sues State Wide to recover possession of personal property and for the issuance of a Pre-Judgment Writ of Replevin pursuant to Alaska Statutes §§ 09.40.260 through 09.40.310, and in support thereof alleges:

34. Integrity hereby readopts and realleges paragraphs 1 through 25 above as if each were fully and independently set forth herein.

35. The description of the property in which Integrity asserts it is entitled to possession and in which Integrity has a security interest pursuant to the Factoring Agreement consists of, amongst other things, all inventory and equipment, including without limitation, oilfield service equipment, owned by State Wide (the "Property Sought to be Replevied").

36. To the best of Integrity's knowledge, information and belief, the value of the Property Sought to be Replevied is in the approximate amount of $575,000.00.

37. Integrity is entitled to possession of the Property Sought to be Replevied as a result of State Wide's default under the Factoring Agreement and pursuant to Idaho Code § 28-9-609, i.e., Idaho's version of UCC § 9-609, authorizing Integrity's right to possession of the Property Sought to be Replevied as a result thereof.

INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 9 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 9 of 12

Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

38. More specifically, Integrity has a superior possessory right to the Property Sought to be Replevied pursuant to the terms of the Factoring Agreement, which reads as follows:

> 1.5 **"Collateral"** – all of Seller's now owned or hereafter acquired Accounts, Chattel Paper, Deposit Accounts, Inventory, Equipment, Instruments, Investment Property, Documents, Letter of Credit Rights, Commercial Tort Claims, and General Intangibles.
>
> 7. **Security Interest.** To enable Purchaser to perfect its ownership interest in the Purchased Accounts and to secure the Obligations, Seller grants to Purchaser a continuing first priority ownership interest in the Collateral.
>
> 10.2 Effect of Default. Upon the occurrence of an Event of Default, in addition to any rights Purchaser has under this Agreement or applicable law, Purchaser may without formally terminating this Agreement, deem all Obligations immediately due and payable without notice and all fees shall be immediately due and payable.

39. UCC § 9-609, as adopted in Idaho, provides as follows:

> SECURED PARTY'S RIGHT TO TAKE POSSESSION AFTER DEFAULT. (a) After default, a secured party:
> 1) May take possession of the collateral; and
> 2) Without removal, may render equipment unusable and dispose of collateral on a debtor's premises under section 28-9-610.
> (b) A secured party may proceed under subsection (a) of this section:
> 1) Pursuant to judicial process; or
> 2) Without judicial process, if it proceeds without breach of the peace.
> c) If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 10 of 12

40. The Property Sought to be Replevied is being wrongfully detained by State Wide. State Wide has lost its right to continue to retain possession of the Property Sought to be Replevied upon State Wide having committed an Event of Default under the Factoring Agreement.

41. The prejudgment seizure of the Property Sought to be Replevied and this action is not being prosecuted to hinder, delay or defraud any other creditor of State Wide.

42. Integrity has no information or belief that State Wide has filed any proceeding under the National Bankruptcy Act or has made a general assignment for the benefit of creditors.

**WHEREFORE,** Integrity respectfully requests:

(1) that the Court forthwith examine the Complaint and schedule an immediate hearing in accordance with Alaska Rule of Civil Procedure 88(c);

(2) that following the conclusion of the hearing the Court issue a Writ of Replevin requiring the immediate turnover of the Property Sought to be Replevied to Integrity and precluding State Wide from taking any action to interfere with such Order;

(3) directing a peace officer to take into custody the Property Sought to be Replevied and further authorize the peace officer to cause any building or enclosure to be broken open and take the Property Sought to be Replevied into possession;

(4) that after seizure, and during the pendency of this action, this Court authorize Integrity to sell the Property Sought to be Replevied; and

(5) that this Court ultimately enter a final judgment in Integrity's favor for possession of the Property Sought to be Replevied, or, in the alternative, for money damages in

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL /
CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 11 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 11 of 12

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966

the amount of the value of the Property Sought to be Replevied, together with prejudgment interest at the rate of 12% per annum pursuant to Idaho Code § 28-22-104(1), and attorney's fees and costs pursuant to Section 17 of the Factoring Agreement.

Dated in Fairbanks, this 26th day of October, 2017.

Respectfully submitted,

CLAPP PETERSON TIEMESSEN
THORSNESS & JOHNSON, LLC
*Attorneys for Integrity Factoring*
*& Consulting, Inc.*
411 4th Avenue, Suite 300
Fairbanks, Alaska 99701
Telephone: (907) 479-7776
Facsimile: (907) 479-7966

BY: /s/ John J. Tiemessen
    JOHN J. TIEMESSEN
    Alaska Bar No. 9111105

COMPLAINT
INTEGRITY FACTORING ET AL V. STATE WIDE OIL FIELD SERVICES ET AL / CASE NO.: _____
JJT/MEE/ilh/2828-1/Complaint
Page 12 of 12

Case 4:17-cv-00029-HRH   Document 1   Filed 10/27/17   Page 12 of 12

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966